Slip. Op. 00-129

# UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: Judge Judith M. Barzilay**

```
--------------------------------------------------- x
DEFENDERS OF WILDLIFE, et al.,            :

             Plaintiffs,                  :
                                                     Court No. 00-02-00060
      v.                                  :

PENELOPE D. DALTON, et al,                :

             Defendants.                  :
--------------------------------------------------- x
```

[Plaintiffs' Motion to Complete the Administrative Record granted in part and denied in part.]

Decided:  October 12, 2000

*Defenders of Wildlife* (*William J. Snape, III*) for Plaintiffs.

*David W. Ogden*, Assistant Attorney General, United States Department of Justice; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division (*Lucius B. Lau*) for Defendants.

## MEMORANDUM OPINION AND ORDER

**BARZILAY, JUDGE:**

## I. INTRODUCTION

Before the court is Plaintiffs' *Motion to Complete the Administrative Record* ("*Pls.' Mot.*").

Defenders of Wildlife, *et al.* ("Defenders" or "Plaintiffs"), ask the court to order Penelope D. Dalton,

*et al.*[1] ("Defendants"), to provide as part of the administrative record, three types of documents: (1)

---

[1]  By delegation, the Secretary of Commerce has given Penelope D. Dalton, in her official capacity as the Assistant Administrator for Fisheries for the National Marine Fisheries Service, an organization of the National Oceanic and Atmospheric Administration of the United States Department of Commerce, the authority to render these findings.  Throughout the opinion the court refers to Defendants collectively.

a copy of the contested Government of Mexico affirmative finding determination as required by USCIT R. 72(a)(1) ; (2) all documents submitted by the public, interested parties, and governments with regard to the challenged actions in accordance with USCIT R. 72(a)(3); and (3) all documents directly or indirectly considered by the relevant decisionmakers. For the following reasons, the court grants Plaintiffs' motion with regard to the Government of Mexico affirmative finding determination, the depleted finding regarding the Eastern Spinner Dolphin, and certain Inter-American Tropical Tuna Commission ("IATTC") documents. However, the court denies Plaintiffs' motion with respect to the remainder of the documents that Plaintiffs seek to have included in the administrative record, because Plaintiffs have not provided the court with evidence that the relevant decisionmakers either directly or indirectly considered those documents in the determination.

## II. BACKGROUND

Plaintiffs in this case challenge the affirmative finding by Defendants that Mexico is in compliance with the International Dolphin Conservation Protection Act's ("IDCPA") requirements and therefore, that the embargo against tuna from Mexico's vessels in the Eastern Pacific ocean should be lifted. *See Notice of Affirmative Finding; Removal of Embargo*, 65 Fed. Reg. 26585 (May 8, 2000). Plaintiffs' amended complaint alleges four violations: (1) Commerce's final rule is a violation of the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § 1361 (1972); (2) Defendants' decision to lift the Eastern Tropical Pacific ("ETP") yellowfin tuna embargo against Mexico violates the plain language of the IDCPA, Pub. L. No. 105-42, 111 Stat. 1122 (1997); (3) Defendants violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 (1970), by issuing a defective environmental assessment; and (4) Defendants violated the NEPA by failing

to prepare an environmental impact statement when instituting the new tuna/dolphin program.

Plaintiffs filed a *Motion for a Temporary Restraining Order and/or a Preliminary Injunction* ("*Pls.' TRO/PI Mot.*"), claiming that the ETP dolphins and Plaintiffs would suffer immediate irreparable harm if Defendants lifted the embargo. On April 12, 2000, the court held an evidentiary hearing upon that motion. On April 14, 2000, the court issued an order denying the motion, and on April 18, 2000, the court issued an opinion explaining its reasons for denying the temporary restraining order and/or preliminary injunction motion. *See Defenders of Wildlife v. Dalton*, 24 CIT ___, 97 F. Supp.2d 1197 (2000). Familiarity with that opinion is presumed.

On April 14, 2000, Defendants filed the first twenty volumes of the administrative record, and on May 3, 2000, Commerce filed the administrative record with respect to its affirmative finding for Mexico. On June 2, 2000, Defendants filed the first supplemental record volume for documents "inadvertently omitted from the original record." *Defs.' Mem. in Opp. To Pls.' Mot. To Complete the Admin. R.* ("*Defs.' Opp.*") at 5. Several written and oral communications were then exchanged between Plaintiffs and Defendants regarding potential additions to the administrative record. On July 14, 2000, Commerce wrote a letter to Defenders' counsel, emphasizing that Commerce would file a supplemental record "in the near future in response to Defenders' letters of June 14, and June 30, 2000." *Id.* at 5. The second supplemental record was filed on July 24, 2000. On August 8, 2000, Plaintiffs filed the motion currently before the court.

### III. STANDARD OF REVIEW

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(i) (1994). The parties do not dispute that in a §1581(i) case, this court reviews the matter as provided in section 706 of Title 5. *See* 28 U.S.C. §2640(e)(1994). The relevant portion of 5 U.S.C. § 706 (1994)

provides: "[i]n making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party. . . ."  The scope of review is therefore limited to the administrative record.  *See* 28 U.S.C. § 2640(e); 5 U.S.C. § 706;  USCIT R. 56.1.

In order to determine whether the administrative record is complete, the parameters of the record must be defined.  The United States Supreme Court has determined that the phrase "whole record" within 5 U.S.C. § 706, means "the full administrative record that was before the Secretary at the time he made his decision."  *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971).  The applicable rule in this case, USCIT R. 72(a), requires that in all actions where judicial review is upon the basis of the record made before an agency, the agency shall file the following documents:

(1)     A copy of the contested determination and the findings or report upon which such determination was based.

(2)     A copy of any reported hearings or conferences conducted by the agency.

(3)     Any documents, comments, or other papers filed by the public, interested parties, or governments with respect to the agency's action.  The agency shall identify and file under seal any document, comment, or other information obtained on a confidential basis, including a non-confidential description of the nature of such confidential document, comment or information.

(4)     a certified list of all items specified in paragraphs (1), (2) and (3) of this subdivision (a).

While USCIT R. 72(a) does provide a list of documents to be filed, it does not conclusively define the contents of the administrative record.  *See Ammex, Inc. v. United States*, 23 CIT ___, ___, 62 F. Supp. 2d 1148, 1153 (1999). "Although [the rule defines] those documents which, in the normal course, will constitute the administrative record for a particular determination, nothing in USCIT R. 72(a) indicates that this Rule is meant to strictly delineate, or in any way limit, the materials that the Court should examine in reviewing agency action."  *Id.,* 23 CIT at

___, 62 F. Supp. 2d  at 1154.  Yet, "the 'whole' administrative record has come to be seen as 'all documents and materials directly or indirectly considered by agency decisionmakers and includes evidence contrary to the agency's position.'" *Id.*, 23 CIT at ___, 62 F. Supp. 2d at 1156 (quoting *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989)(citations omitted)). While true that if the relevant agency decisionmakers considered directly or indirectly any "internal guidelines, memoranda, manuals or other materials in reaching its decision," that material should be included within the record, "[i]n compiling an administrative record, relevant materials that were neither directly nor indirectly considered by agency decisionmakers should not be included." *Id.*(citations omitted).

Where an agency presents a certified copy of the complete administrative record, as was done in this case, "[t]he court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary."  *Id.*, 23 CIT at ___, 62 F. Supp. 2d at 1156 (quoting *Bar MK Ranches v. Yuetter*, 994 F. 2d. 735, 740 (10th Cir. 1993)).  In a motion to complete the administrative record, "a party must do more than simply allege that the record is incomplete. Rather, a party must provide the Court with reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record."  *Id.*, 23 CIT at ___, 62 F. Supp.2d at 1156-57 (citations omitted).  The burden therefore rests on Plaintiffs to provide evidence that the appropriate decisionmakers either directly or indirectly considered the missing documents while making their decision.

### III. DISCUSSION

A.     *Defendants must complete the administrative record by including a copy of the contested determination on the Mexican Affirmative Finding.*

Plaintiffs assert that Defendants must file the final *Federal Register* notice for the affirmative finding for the Government of Mexico as part of the administrative record. *See Mem. in Supp. of Pls.' Mot. to Complete the Admin. R.* ("*Pls.' Mem.*") at 7-8. As mentioned above, USCIT R. 72(a)(1) requires that a "copy of the contested determination and the findings or report upon which such determination is based" must be filed as part of the administrative record. Defendant argues that it "did not include the *Federal Register* notice in the administrative record because of the Government's desire to file that record in an expeditious manner." *Defs.' Opp.* at 14. USCIT R. 72(a) does not provide a timing exception to the requirement of filing a copy of the contested determination as part of the administrative record. As Plaintiffs do contest that determination, Commerce will be directed to file the final *Federal Register* notice as part of the administrative record.

B.     *Plaintiffs have not provided clear evidence that all documents submitted by the public, interested parties, and governments with respect to the actions challenged by Plaintiffs must be included within the administrative record.*

Plaintiffs seek to have included in the administrative record "comments that were submitted in a timely manner by the public, interested parties, and governments yet not completely reproduced in the record," including: (A) comments by Earth Island Institute, a plaintiff in this case, submitted to defendants regarding the contents of this litigation; (B) comments by Defenders relating to several *Federal Register* notices regarding tuna/dolphin issues; and (C) comments relating to the impending lifting of the embargo. *Pls.' Mem.* at 8. The court will address each of these groups of documents

in turn.

> (1)    There has been no showing that the Earth Island Institute comments were considered by the relevant decisionmakers.

Plaintiffs note that the letters from Earth Island Institute submitted to Defendants, as well as an index to the attachments for the comments, are included in the record.  Plaintiffs request that the court direct Defendants to provide the attachments themselves.  Other than listing the attachments missing from the record, Defenders do nothing to indicate that these attachments are required to be included in the record.  Defendants first respond that the attachments to the March 26th letter need not be included in the record because they do not pertain to any of the determinations challenged by Defenders.  *See Defs.' Opp*. at 16.  As for Earth Island Institute's July 7 letter to Plaintiffs, Defendants note that the letter references only two attachments, both of which were included as part of the record filed with the court, and that no other attachments to that letter exist.  *Id.* at 19.

The court need not delve into whether other attachments do exist, or whether the attachments to the March 26th letter are in fact relevant to this litigation.  Plaintiffs have not provided any evidence at all, much less any clear evidence, that the missing attachments, either to the March 26th letter or to the July 7th letter, were considered by the relevant decisionmaker at the time she made her determination.  Relevant or not, without clear evidence that these attachments were considered, the request for their inclusion must be denied.

> (2)    Plaintiffs have not provided clear evidence that the comments submitted by Defenders of Wildlife relating to the December 14, 1999 and December 29, 1999 *Federal Register* notices should be included in the administrative record.

Plaintiffs seek to have included in the record comments that they submitted on January 5, 2000, relating to two *Federal Register* notices "regarding potential yellowfin tuna over-fishing in

the ETP and other tuna/dolphin issues." *Pls.' Mem.* at 10. In support of their request, Plaintiffs state,

"[t]hese public comments, and the issues they raise, directly relate to Plaintiffs' challenge of lifting

the Mexican yellowfin tuna embargo because they address whether 'such nation is meeting the

obligations of the International Dolphin Conservation Program and the obligations of membership

in the Inter-American Tropical Tuna Commission.'" *Id.* (quoting 16 U.S.C. § 1371(a)(2)(B)(1972)).

Plaintiffs have again failed to indicate how the comments they seek to have included were considered

either directly or indirectly by the relevant decisionmakers. That the comments might be relevant

to the tuna embargo does not dictate that they must be included in the administrative record.

Therefore, the court cannot require Defendants to include the comments within the record.

> (3)     Plaintiffs have not shown the court that comments relating to the lifting of the
>         Mexican embargo on April 12, 2000 must be included within the Administrative
>         Record.

Plaintiffs state that they are aware of three comment letters filed after publication of the

interim final rule on December 21, 1999, but before the decision to lift the Mexican embargo: (1)

a letter from the United States Customs Service dated April 10, 2000; (2) a letter from Defenders

dated April 3, 2000, with attachments; and (3) a letter from Earth Island Institute, with attachments.

*See Pls.' Mem.* at 11. Plaintiffs claim that these and any other documents "filed pursuant to the

interim final rule and directed towards the lifting of the Mexican embargo" should be included as

part of the administrative record. *Id.* Defendants counter that Plaintiffs' argument for inclusion of

their comments within the record fails because the determination challenged in this litigation is the

interim final rule, not any subsequently-made modifications, and Defenders' comments concern

subsequent *Federal Register* notices.

The court agrees with Defendants that the comments referenced by Plaintiffs need not be

included within the record. In this litigation, Defenders contest the interim final rule, and according

to USCIT R.72 (a)(2) may seek to have included within the record only "[a] copy of the contested

determination *and the findings or report upon which such determination was based.*" (emphasis

added). All materials must have been considered by the decisionmaker "at the time he made his

decision." *Overton Park*, 401 U.S. at 420. Here, Defenders seek to have included within the record

materials considered following publication of the contested determination, rather than materials upon

which the determination was based. Moreover, as the letters referenced by Defenders were

submitted in April 2000, while the interim final rule was issued on December 21, 1999, the letters

could not have been considered by the decisionmaker at the time of the decisionmaking. Hence,

Plaintiffs' request to have the comments related to the lifting of the Mexican embargo on April 12,

2000 included in the administrative record is denied.

C.      *Plaintiffs have not provided the court with clear evidence that the relevant decisionmakers directly or indirectly considered memoranda, manuals, guidelines and other materials allegedly before the decisionmakers at the time the challenged determination was made, with the exceptions of the depleted finding for the Eastern Spinner Dolphin, and the mentioned group of IATTC documents.*

   (1)      Defenders' claim that Defendants must submit a "complete version" of all documents in the administrative record fails; the court will not require Defendants to include such materials in the administrative record.

Defenders first provide the court with a list of documents that Plaintiffs believe "are tacitly

acknowledged . . . to have been considered by agency decisionmakers since they were included in

some form in the original administrative record." *Pls.' Mem.* at 12. These documents are: (1) a 1950

proclamation by President Truman and an exchange of letters between the United States and Costa

Rica on IATTC funding allocations; (2) questions from Senator Barbara Boxer and responses from

Assistant Secretary of State David Sandalow regarding IATTC policy, funding obligations, and

related issues; (3) an email from Judson Feder, NOAA General Counsel, regarding sample language for affirmative findings, and (4) other instances where the certified list of documents is listed incorrectly in the index or does not specify the documents under the particular heading.

The standard for determining whether a document was considered by the relevant decisionmaker is not whether the document was included in some form in the original administrative record. As mentioned, "a party must provide the Court with reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record." *Ammex*, 23 CIT at ___, 62 F. Supp.2d at 1156-57 (citations omitted). Plaintiffs' claim that Defendants tacitly acknowledge that they considered these documents because they were included in some form in the original record, but "as a result of photocopying problems, malfunctions, or oversight. . . were incomplete in the original administrative record submission," is utterly speculative and therefore not clear evidence that the documents were considered by the relevant decisionmakers. *Pls.' Mem.* at 12. Defenders has done nothing more than list these documents; it has certainly not provided any clear evidence that they were considered by the relevant decisionmaker. Without any clear evidence of consideration, the court must deny Defenders' request that these documents be included in the record.[2]

Second, Plaintiffs contend that certain documents which were not submitted as part of the record, but which were referenced by documents that were filed as part of the administrative record,

_____

[2]Although unnecessary to its determination not to include these documents in the record, the court agrees with Defendants that "the fact that the Assistant Administrator for Fisheries directly or indirectly considered one document does not logically lead to the conclusion that she directly or indirectly considered another document." *Defs.' Opp*. at 24. The court also notes that Plaintiffs are incorrect that the email from Judson Feder to Irma Lagomarsino is absent from the record; the email is indeed included in the supplemental record filed on July 24, 2000. *See Supplemental Administrative Record* at 23.

are required as part of the record in order to understand the filed documents.  Plaintiffs argue that an email contained within the record which references monthly conversations had between Commerce Department official Will Martin and the State Department regarding implementation of the IDCPA confirms that Martin wanted monthly "progress reports" and was therefore an active participant in the tuna/dolphin decision.  *See Pls.' Mem.* at 13.  Plaintiffs assert that because Martin was involved in the tuna/dolphin decision, Defendants are required to complete the record by including the monthly progress reports, "as well as any other correspondence to or from Martin that is relevant to the counts in this case."  *Id.* at 14.  Defendants respond that because Martin was not the relevant decisionmaker for any of the determinations at issue in this case, and because the fact that the monthly reports may be relevant to the determinations is insufficient for inclusion in the administrative record, Plaintiffs' argument must fail.  Defendants are correct.

The *Ammex* opinion considers who meets the definition of "relevant decisionmaker" within the determination of what constitutes the whole record, noting that "'the focus of the inquiry into record definition is how the agency actually functions in its decisionmaking. . . .'" 23 CIT ___, 62 F. Supp. 2d at1162 (quoting *Exxon Corp. v. Dep't of Energy*, 91 FRD 26, 37 (N.D. Tex. 1981)).  *Ammex* involved a challenge to a United States Customs Service ruling; this court determined that certain officials were not the relevant decisionmakers, because the evidence did not "indicate that the officials involved synthesized the relevant record documents. . ., formulated Customs' institutional position on this issue, drafted any part of this Headquarters Ruling, or otherwise acted as an agency decisionmaker."  23 CIT at ___, 62 F. Supp.2d at 1163.

Plaintiffs have given the court no reason to believe that Martin was a relevant decisionmaker in the promulgation of the interim final rule; they have only indicated that Martin was somehow

involved in the tuna/dolphin decision. *See Pls.' Br.* at 13-14.  Plaintiffs have provided the court with no evidence indicating that Martin synthesized relevant documents, formulated Customs' position on the determination to lift the Mexican embargo, or in any other way acted as an agency decisionmaker.  Moreover, Defendants counter that in his capacity as Deputy Assistant Secretary for International Affairs, Martin did not possess the authority to promulgate the contested determination, and therefore was not the decisionmaker for the challenged determinations.  *See Defs.' Br.* at 27. . Therefore, the court will not require Defendants to include the monthly reports received by Martin within the administrative record.  The court further notes that again, simply because the purported monthly reports may have been relevant to the contested determination does not warrant their inclusion in the administrative record.  Relevance is insufficient; the reports must have been directly or indirectly considered in the decision-making process.

> (2)     Plaintiffs have demonstrated by clear evidence that the depleted finding for the Eastern Spinner Dolphin and the IATTC documents were otherwise considered by relevant decisionmakers and should therefore be included in the Administrative Record; Plaintiffs have not shown that other additional documents should be included within the record.

Defenders contend that there are at least five sets of documents "that Plaintiffs know to have been in possession of Defendants at the time of their decisions, and that either had to be considered by the decision makers as a matter of law to make their final agency actions or were obviously considered given the nature of the present record." *Pls.' Br.* at 14.  Plaintiffs correctly note that clear evidence indicating that certain documents not present in the administrative record but considered by the relevant decisionmakers includes "reasonable, non-speculative grounds" to believe that materials not in the record were still considered by the relevant decisionmaker. *Id.* at 15 (quoting *Ammex*, 23 CIT at ___, 62 F.2d at 1156).  Plaintiffs claim that these reasonable and non-speculative

grounds are present because Plaintiffs either possess the documents or possess materials indicating the documents' existence, and "[u]nder CIT case law, 'reasonable bases' for adding materials considered by the agency include specifically identifying documents that were left out of the record or demonstrating incompleteness evident from the record itself." *Id.* Plaintiffs identify the documents considered by the relevant decisionmakers but not included within the administrative record as: (1) the depleted finding for the Eastern Spinner Dolphin; (2) Centrally relevant IATTC documents; (3) United States GATT Submissions and Documents on Tuna/Dolphin; (4) United States Dolphin Mortality Limits Procedures and Permits; and (5) Commerce Department Press Release on the Final Rule. *See Pls.' Br.* at 14-25.

First, Defenders assert that the depleted finding for the Eastern Spinner dolphin must be included within the administrative record, because "it is consistent with Defendant's practice to include depleted findings for other cetaceans," and because inclusion of the finding would be consistent with the analysis of this dolphin stock present in the record. *Id.* at 16. Commerce is correct that the administrative record need not consist of those documents merely related to one another; moreover, mere mention of the Eastern Spinner dolphin in the record is not clear evidence that the depleted finding itself was considered. However, Plaintiffs have shown that the depleted finding for the Eastern Spinner dolphin was not merely mentioned in the administrative record, but analyzed in several sections of the record. *See Pls.' Br.* at 16 (citing Administrative Record ("AR") I-7, AR III-44, AR VIII-115, AR VIII-123, AR XIII-399, AR XVI-597, AR X-151). The focus in the record on the Eastern Spinner dolphin is clear evidence that the depleted finding was directly or indirectly considered by the relevant decisionmakers. Therefore, the court will require Defendants to include the finding in the administrative record.

Second, Defenders list several IATTC documents that it contends must be included in the record. Again, Defenders' argument is that it is Defendants' usual practice to include these documents in the record, and that "there are numerous correspondences in the record that explicitly reference IATTC documents." *Id.* at 17. Plaintiffs further explain that these documents should be included in the record because they are very similar to documents in the record, and they address issues that are central to the merits of this action. Plaintiffs have shown sufficient evidence that the specific documents listed were considered in the decisionmaking process: the documents were explicitly referenced in the record, are similar to documents already contained within the record, and are relevant to the issues in this litigation. As such, the court will require inclusion of the documents within the administrative record.

By contrast, Plaintiffs have not demonstrated that the United States' submissions on the two GATT Arbitral Dispute Panels, documents related to the process for issuing Dolphin Morality Limit permits in the United States under the IDCPA, and the *Commerce News* press release relating to the IDCPA regulations were considered, either directly or indirectly, by the relevant decisionmakers. The court will therefore not demand that these documents be included within the administrative record.

## IV. CONCLUSION

Upon consideration of Plaintiffs' *Motion to Complete the Administrative Record*, Defendants' response thereto, and all other papers and proceedings therein, it is hereby

ORDERED that Plaintiffs' motion is granted with respect to the contested determination in the Mexico Affirmative Finding, 65 Fed. Reg. 26585 (May 8, 2000), the depleted finding of the Eastern Spinner Dolphin, and the mentioned IATTC documents; and it is further

ORDERED that Plaintiffs' motion is denied in all other respects; and it is further

ORDERED that Defendants are required to add the Mexican Affirmative Finding, the depleted finding of the Eastern Spinner Dolphin, and the IATTC documents to the administrative record within 30 days of the issuance of this Memorandum Opinion and Order.


Dated: _____                    _____
    New York, NY                                        Judith M. Barzilay
                                                  Judge